IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY COHEN, on behalf of Plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:24-cv-02324 ) |
| ARNOLD SCOTT HARRIS, P.C., HARRIS & HARRIS, LTD., and DOES 1-10, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

1. Plaintiff Jeffrey Cohen brings this action to secure redress against violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and implementing Regulation F, 12 C.F.R. part 1006, and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and implementing regulations, by Defendants Arnold Scott Harris, P.C., Harris & Harris, Ltd. and Does 1-10.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367 and 15 U.S.C. §1692k. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Personal jurisdiction exists because Defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

    c. Are located in Illinois.

4. Venue in this District is proper for the same reason.

1

5.  Article III is satisfied by the receipt of illegal and harassing phone calls. *Gadelhak v. AT&T Servs., Inc.,* 950 F.3d 458 (7th Cir. 2020).

## PARTIES

6.  Plaintiff Jeffrey Cohen is a resident of the Northern District of Illinois.

7.  Defendant Arnold Scott Harris, P.C., is an Illinois professional corporation with offices at 111 W. Jackson Blvd., Ste. 600, Chicago, Illinois. Its registered agent and office is MS Registered Agent Services, 191 N. Wacker Dr., Ste. 1800, Chicago, IL 60606.

8.  Defendant Harris & Harris, Ltd. is an Illinois corporation with its principal office at 111 W. Jackson Blvd., Suite 650, Chicago, IL 60604. Its registered agent is MS Registered Agent Services, 191 N. Wacker Dr., Ste. 1800, Chicago, IL 60606.

9.  Does 1-10 are other persons involved in the making of the calls described herein.

10. Defendant Arnold Scott Harris, P.C., is engaged in the principal business of collecting consumer debts owed by others, using the mails and telephone system for that purpose.

## FACTS

11. During early 2024, Plaintiff received at least a dozen calls on his personal cell phone from Defendant Arnold Scott Harris, P.C.

12. In February and March, 2024, Plaintiff received calls on his personal cell phone from Defendant Harris & Harris, Ltd.

13. Plaintiff is the customary user of a cell phone on which his wife is the subscriber. The cell phone bill is paid for by Plaintiff's law firm.

14. The use of an artificial or prerecorded voice in a call placed to a cell phone is prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, which provides:

>   (b)  Restrictions on use of automated telephone equipment
>
>   >   (1)  Prohibitions
>   >
>   >   >   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

2

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice—
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

**Facts Regarding Defendant Arnold Scott Harris, P.C.**

15. Each phone call Plaintiff answered and each voicemail message left from Defendant Arnold Scott Harris, P.C. was as follows:

> Caller: This is Angelina Renteria [phonetic] calling from Arnold Scott Harris P.C. Please contact me or any of our representatives at-   [second, different voice] 312-380-4009.

16. Plaintiff most recently received a voicemail message from Arnold Scott Harris, P.C. on March 12, 2024.

17. In each case, the callback number was provided by a robotic-sounding voice that was noticeably different from the initial voice.

18. Plaintiff attempted to call Arnold Scott Harris, P.C. back on at least two occasions.

19. On each occasion, Plaintiff was placed in a voicemail system and put on hold for 14 minutes, at the end of which period Plaintiff was invited to leave a message.

20. Plaintiff did leave a message, which was never returned.

21. On information and belief, the calls were for the purpose of collecting a medical bill.

22. On information and belief, Plaintiff did not consent to receive the calls.

23. The form of message quoted above is a "limited content message" which, under some circumstances, a debt collector is permitted to use under Regulation F, issued by the Consumer Financial Protection Bureau.

24. Regulation F defines a "limited content message" as follows, at 12 C.F.R. 1006.2:

> **(j) Limited-content message** means a voicemail message for a consumer that includes all of the content described in paragraph (j)(1) of this section, that may include any of the content described in paragraph (j)(2) of this section, and that includes no other content.

>   **(1)** **Required content.** A limited-content message is a voicemail message for a consumer that includes:
>
>   **(i)** A business name for the debt collector that does not indicate that the debt collector is in the debt collection business;
>
>   **(ii)** A request that the consumer reply to the message;
>
>   **(iii)** The name or names of one or more natural persons *whom the consumer can contact to reply to the debt collector*; and
>
>   **(iv)** A telephone number or numbers *that the consumer can use to reply to the debt collector*. (Emphasis added)

25. The use of limited content messages is not authorized if they do not permit the consumer to reply to the debt collector.

26. Discovery may reveal additional calls with the same or similar messages placed from the same or other numbers used by Arnold Scott Harris, P.C.

27. The practice of placing numerous messages in the form described above and making it impossible for the called person to return the calls damages the called persons, in that:

    a. It is harassing;

    b. It invades the privacy of the called person;

    c. It needlessly uses up the person's time and battery;

    d. The unwanted messages take up space in the their voicemail box and messages need to be listened to and managed.

### Facts Regarding Defendant Harris & Harris, Ltd.

28. Plaintiff most recently received the following voicemail message from Defendant Harris & Harris, Ltd. on March 18, 2024 at 4:15 p.m. and the caller's phone number was 312-380-4079:

    Caller: This is Angela Adams calling from Harris & Harris Limited. Please contact me or any of our representatives at- [second, different voice] 312-604-7176.

29. In each case, the callback number was provided by a robotic-sounding voice that was noticeably different from the initial voice.

30. Calls placed to 312-604-7176 are answered by Harris & Harris, Ltd.

31. Discovery may reveal additional calls with the same or similar messages placed from the same or other numbers used by Harris & Harris, Ltd.

32. On information and belief the calls were placed to collect an alleged debt.

33. On information and belief, Plaintiff did not consent to the calls.

34. The practice of placing numerous messages in the form described above damages the called persons, in that:

    a. It is harassing;

    b. It invades the privacy of the called person;

    c. It needlessly uses up the person's time and battery;

    d. The unwanted messages take up space in the their voicemail box and messages need to be listened to and managed.

## COUNT I – TCPA

35. This claim is against all Defendants. Plaintiff incorporates paragraphs 1-22 and 26-34.

36. Defendants violated the TCPA by using an artificial or pre-recorded voice to call Plaintiff's cell phone.

37. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>     **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
>     **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
>     **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this**

      **paragraph.**

38. Plaintiff and each class member is entitled to statutory damages.

39. Defendants violated the TCPA even if their actions were only negligent.

40. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons, wherever located, (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls from Defendants including an artificial or pre-recorded voice.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of placing calls using an artificial or pre-recorded voice;

    b. Whether Defendants thereby violated the TCPA;

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

46. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

47. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against further unwanted calls to his cell phone;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

### COUNT II – FAIR DEBT COLLECTION PRACTICES ACT

48. This claim is against Defendant Arnold Scott Harris, P.C. only. Plaintiff incorporates paragraphs 1–13, 15-21, 23-32 and 34.

49. Defendant Arnold Scott Harris, P.C. engaged in harassing and abusive debt collection practices, in violation of 15 U.S.C. §1692d, by engaging in the calling practice described herein.

50. Section 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

51. Defendant violated 15 U.S.C. §1692g, by not sending a "notice of debt" after commencement of the calls complained of.

52. 15 U.S.C. §1692g(a) provides:

> Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

  (1)  the amount of the debt;

  (2)  the name of the creditor to whom the debt is owed;

  (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53. Because Defendant's messages did not comply with the requirements for a limited content message, Defendants are not entitled to avoid §1692g.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons, wherever located, (b) who, on or after a date one year prior to the filing of this action (15 U.S.C. §1692k), (c) received calls from Defendant Arnold Scott Harris, P.C. in the form described above.

55. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether Defendant engaged in a pattern of placing calls that cannot be returned by the consumer;

  b. Whether Defendant thereby violated the FDCPA;

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

60. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Actual damages;

    b. Statutory damages (15 U.S.C. §1692k);

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

61. This claim is against all Defendants. Plaintiff incorporates paragraphs 1-34.

62. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by engaging in the practice described above.

63. Defendants engaged in a practice which is harassing, contrary to public policy as set forth in federal statutes and regulations, and unscrupulous, and caused injury to recipients of their messages.

64. Defendants engaged in such conduct in the course of trade and commerce.

65. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

66. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois telephone numbers (b) who, on or after a date 3 years prior to the filing of this action (815 ILCS 505/10a), (c) received calls from Defendants in the form described above.

67. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

68. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of placing calls that cannot be returned by the consumer;

    b. Whether Defendants thereby engaged in an unfair practice.

69. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

70. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

71. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Actual damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems just and proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Heather Kolbus

Stephen J. Pigozzi
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

>*s/Daniel A. Edelman*
>Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.


                                                  */s/ Daniel A. Edelman*
                                                  Daniel A. Edelman